IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                          Case No. 4:18-cr-40028

AARON LLOYD MITCHELL                                                                        DEFENDANT

## ORDER

Before the Court is Defendant Aaron Lloyd Mitchell's Motion for Release Pending Sentencing. (ECF No. 50). The government has filed a response. (ECF No. 51). The Court finds that the matter is ripe for consideration.

### I. BACKGROUND

On November 21, 2018, a criminal complaint was filed in the United States District Court for the Western District of Arkansas, Texarkana Division, alleging that Defendant had committed two violations of Title 18 U.S.C. § 2251(a). On November 27, 2018, Defendant made his initial appearance and was appointed a Federal Public Defender. On November 30, 2018, a detention hearing was held in which Magistrate Judge Barry A. Bryant remanded Defendant to the custody of the United States Marshal Service pending indictment.

On December 13, 2018, a Grand Jury returned a three count Indictment against Defendant. On December 19, 2018, Defendant appeared for arraignment. Defense counsel moved for a psychiatric examination of Defendant, and the Court found Defendant competent to proceed.

On June 20, 2019, Defendant pleaded guilty to one count of production of child pornography in violation of 18 U.S.C. § 2251(a) and is awaiting sentencing. Defendant is currently being housed at the Miller County Detention Center (MCDC).

In the instant motion, filed on July 9, 2020, Defendant seeks a compassionate release and renews his request that the BOP file a compassionate release motion on his behalf. (ECF No. 342).

## II. DISCUSSION

Defendant moves for release pending sentencing pursuant to 18 U.S.C. § 3145(c). As previously stated, Defendant pleaded guilty to production of child pornography under 18 U.S.C. § 2251(a), which is classified as a "crime[] of violence" for the purposes of determining detention and release orders. *See* 18 U.S.C. §3156(a)(4)(C) and 18 U.S.C. § 3142(f)(1)(A). Thus, this is a presumed detention case pursuant to 18 U.S.C. § 3143(a)(2). However, if there are exceptional reasons that constitute a defendant's detention to be inappropriate, the Court may release a defendant under these circumstances pending sentencing. 18 U.S.C. § 3145(c). Additionally, under § 3143, Defendant must also demonstrate by clear and convincing evidence that he is not a danger to the community and not a flight risk.

In the present motion, Defendant asserts that COVID-19 has entered the Miller County Detention Center, and he is particularly vulnerable to COVID-19 due to several health conditions[1]. However, the Court does not find this argument to be persuasive as Defendant fails to demonstrate how his medical conditions are unable to be treated while incarcerated at the MCDC so as to not exacerbate his risk of health complications due to COVID-19.

Additionally, even if the Court found Defendant's medical conditions to be an exceptional reason to consider Defendant's detention inappropriate, Defendant failed to demonstrate by clear and convincing evidence that he is not a danger to the community and not a flight risk. While Defendant states that he can reside with his father in Ashdown, Arkansas prior to sentencing, Defendant still has not met his burden. Defendant's conduct while incarcerated at the MCDC in

---

[1] Defendant lists high blood pressure, obesity, and asthma as his current health conditions that could elevate his risk of health complications due to COVID-19. (ECF No. 50).

addition to the nature of his charge lead the Court to believe he is a danger to the community. While in custody, deputies with the Miller County Sheriff's Office received information that Defendant intended to harm the guards. Relying on that information, Miller County Sheriff's Office Deputy Cpl. Webb searched Defendant's cell and discovered several contraband items including a pair of reading glasses, in which the stem extending over the ear had been sharpened into a shank, a flashlight, and a razor. Further, Judge Barry A. Bryant found Defendant to be a danger to the community citing his substance abuse issues, suicidal ideation, and the fact that the victim involved was a five (5) year old child.[2] The Court does not find any reason to depart from these findings.

Accordingly, Defendant has failed to show an exceptional reason to constitute his detention as inappropriate and has failed to show by clear and convincing evidence that he is not a danger to the community nor a flight risk.

### III. CONCLUSION

For the above-discussed reasons, the Court finds that Defendant's motion (ECF No. 50) should be and hereby is **DENIED**, and Defendant shall remain in the custody of the Miller County Detention Center.

**IT IS SO ORDERED**, this 11th day of January, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] Above mentioned findings were stated in the Order of Detention signed by Judge Barry A. Bryant. (ECF No. 12).